UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS TORRES-LUGO | CIVIL ACTION |
| VERSUS | NO: 20-210 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | SECTION: "A" (5) |

**ORDER AND REASONS**

The following motions are before the Court: **Motion for Summary Judgment (Rec. Doc. 62)** filed by the defendants, BP Exploration & Production, Inc. and BP America Production Co. (collectively "BP"); **Omnibus Motion in Limine (Rec. Doc. 65)** filed by BP. The plaintiff, Carlos Torres-Lugo, opposes the motions. The motions, submitted for consideration on March 30, 2022, are before the Court on the briefs without oral argument.

The plaintiff, Carlos Torres-Lugo, worked as a front-line oil cleanup worker in the aftermath of the Deepwater Horizon oil spill in the Gulf of Mexico. Torres-Lugo is a member of the class governed by the Medical Benefits Class Action Settlement Agreement ("the MSA") filed in the Deepwater Horizon Oil Spill Litigation, MDL 2179. Torres-Lugo claims to have been diagnosed with pneumonia, bronchitis, sinus infection, and wheezing as a result of the cleanup work that he performed. In accordance with the procedure outlined in the MSA, the Claims Administrator authorized Torres-Lugo to file suit for these specific conditions.

On November 23, 2021, the Court granted BP's motion for partial summary judgment as to any claim premised on asthma because this condition was not submitted to the claims administrator. (Rec. Doc. 55, Order and Reasons). The Court explained

that Torres-Lugo could not expand the scope of the claims for which he was authorized to file suit via his expert's report. (*Id*. at 2). Thus, following that ruling, Plaintiff has four conditions at issue in this case: pneumonia, bronchitis, sinus infection and wheezing.

Trial has been continued in this case, which is a nonjury matter. A status conference with the Court is set for April 13, 2022, at which time a new date for the bench trial will be selected. (Rec. Doc. 75, Order).

The Court also notes that Magistrate Judge North has before him a motion to compel BP's 30(b)(6) deposition.

In the motion for summary judgment, BP argues that none of Plaintiff's four conditions (pneumonia, bronchitis, sinus infection and wheezing) qualify as a Later Manifested Physical Condition ("LMPC") as required by the MSA. BP identifies three aspects of an LMPC: 1) a **physical condition**, 2) **resulting from** spill-related exposure, 3) that was **first diagnosed** after April 16, 2012.

BP argues that Plaintiff cannot create an issue of fact that his pneumonia resulted from the Deepwater Horizon incident because his own expert opined that he could not establish a connection between Plaintiff's pneumonia and his exposures. (Rec. Doc. 62-5, Cook deposition at 29). This contention is well-supported by the record evidence and Plaintiff did not address it in his opposition. BP's motion for summary judgment is therefore granted as to pneumonia.

Regarding Plaintiff's claims for bronchitis and sinus infection, BP argues that those conditions fail as LMPCs because Plaintiff was diagnosed with those conditions before April 16, 2012. In his opposition, Plaintiff points out that he was diagnosed with *acute* versions of these illnesses prior to April 16, 2012, but his diagnosis for chronic versions of these illnesses, which is what this case is about, occurred after this date.

Regarding Plaintiff's claim predicated on wheezing, BP argues that since wheezing is not a disease (as acknowledged by Dr. Cook) it cannot be a "physical condition," a term not defined in the MSA.

Plaintiff's arguments in his opposition pertaining to bronchitis, sinus infection, and wheezing persuade the Court that summary judgment should be denied and these claims, including whether the conditions qualify as LMPCs, should be determined at trial. BP's motion for summary judgment is therefore denied as to the conditions of bronchitis, sinus infection and wheezing.

As to BP's omnibus motion in limine, the Court reminds both parties that this case is not being tried to a jury. But while the Court is not concerned with undue prejudice being a factor in admitting some of the items listed in the omnibus motion, the Court is concerned with wasting time by having Plaintiff (or any party) present evidence that may not have a sufficient connection to the issues being tried. The Court will not hesitate to shut down a witness's testimony if the Court determines that it is proving to be irrelevant to any issue being tried. But given that this case will be the first BELO case to be tried in this section, the Court is hesitant to exclude *in limine* any of the evidence listed in the omnibus motion. And since this is not a jury case, there is very little benefit to doing so. The Court does note, however, that Plaintiff concedes that Item no. 8, references to the Claims Administrator's Approval of the LMPCs and Notice of Intent to Sue, is inadmissible so the motion in limine will be granted as to this item.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 62)** filed by BP is **GRANTED IN PART AND DENIED IN PART** as explained above.

**IT IS FURTHER ORDERED** that the **Omnibus Motion in Limine (Rec.**

**Doc. 65)** filed by BP is **GRANTED IN PART AND DENIED IN PART** as explained above.

April 1, 2022

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE