UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS TORRES-LUGO | CIVIL ACTION |
| VERSUS | NO: 20-210 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

The following motions are before the Court: **Motion for Summary Judgment (Rec. Doc. 150)** and **Motion to Exclude the Causation Testimony of Plaintiff's Expert, Dr. Jerald Cook (Rec. Doc. 149)** filed by the defendants, BP Exploration & Production, Inc. and BP America Production Co. (collectively "BP"); **Motion for Admission of Plaintiff's Expert Opinions Because of BP Defendants' Spoliation of Evidence of Plaintiff's Exposure (Rec. Doc. 151)** filed by the plaintiff, Carlos Torres-Lugo. All motions are opposed. The motions, submitted for consideration on September 13, 2023 and September 27, 2023, are before the Court on the briefs without oral argument.

The plaintiff, Carlos Torres-Lugo, worked as a front-line oil cleanup worker in the aftermath of the Deepwater Horizon oil spill in the Gulf of Mexico. Torres-Lugo is a member of the class governed by the Medical Benefits Class Action Settlement Agreement ("the MSA") filed in the Deepwater Horizon Oil Spill Litigation, MDL 2179. Torres-Lugo claims to have been diagnosed with pneumonia, bronchitis, sinus infection, and wheezing as a result of the cleanup work that he performed. In accordance with the procedure outlined in the MSA, the Claims Administrator authorized Torres-Lugo to file suit for these specific conditions.

On November 23, 2021, the Court granted BP's motion for partial summary judgment as to any claim premised on asthma—this condition having been introduced to the case when the plaintiff produced his expert report—because this condition was not submitted to the Claims Administrator. (Rec. Doc. 55, Order and Reasons). The Court explained that Torres-Lugo could not expand the scope of the claims for which he was authorized to file suit via his expert's report. (*Id.* at 2). Following that ruling, Plaintiff had four conditions at issue in this case: pneumonia, bronchitis, sinus infection and wheezing. Then on April 1, 2022, the Court granted BP's motion for summary judgment as to pneumonia. (Rec. Doc. 92, Order and Reasons). Thus, Plaintiff's case is now limited to the conditions of bronchitis, sinus infection and wheezing.

The case is scheduled to be tried to the Court without a jury on November 6, 2023. (Rec. Doc. 146, Scheduling Order).[1]

BP now moves in limine to exclude from trial the opinions of the plaintiff's medical causation expert, Dr. Jerald Cook, under the principles of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). BP's motion for summary judgment rests in part on the likelihood that the motion in limine to exclude Dr. Cook will be granted, thereby leaving the plaintiff with no evidence of medical causation, which under the established law of this circuit would be fatal to the plaintiff's case and compel

---

[1] The Court has previously observed that factors that may militate in favor of granting a motion in limine in a jury case may carry less weight in a nonjury case like this one. (Rec. Doc. 92, Order and Reasons at 3). But in bench trial cases the district judge has greater discretion to grant summary judgment because he will sit as trier of fact and therefore does not risk usurping the jury's role as to fact-finding. *Jones v. United States*, 936 F.3d 318, 323 (5th Cir. 2019). The district judge may "decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result." *Id.* (quoting *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 676 (5th Cir. 2010)). Naturally, the same reasoning would apply with respect to expert testimony.

judgment as a matter of law in favor of BP.[2]

As BP points out, and as the plaintiff acknowledges, no judge to date has accepted Dr. Cook's expert report in any of the BELO or B3 cases in this district. Unlike the several versions of Dr. Cook's report that have been rejected without exception in this district, the August 13, 2021 report produced in this case was prepared specifically for Torres-Lugo's case. Nonetheless, the report produced in this case suffers from the same infirmities that have been previously been identified.

Torres-Lugo must prove that exposure to oil or other chemicals used during the response effort caused his injuries. *Coleman v. BP Explor. & Prod., Inc.*, 609 F. Supp. 3d 485, 493 (E.D. La. 2022) (citing *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6055613, at *11 (E.D. La. Apr. 1 2021)). That burden of proof requires that Torres-Lugo prove both general and specific causation. *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007) (cited by *Byrd v. BP Explor. & Prod., Inc.*, No. 22-30654, 2023 WL 4046280 (June 16, 2023) (unpublished)). "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." *Id.* (quoting *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 714 (Tex. 1997)). While the necessity for expert testimony to establish specific causation may be subject to debate in some cases, *see, e.g., Harrison v. BP Explor. & Prod., Inc.*, No. 17-4346, 2022 WL 2390733, at *4-5 (E.D.

---

[2] Of course BP's motion for summary judgment is not grounded solely on the motion in limine to exclude Dr. Cook being granted. BP also contends that even if Dr. Cook was allowed to testify in accordance with his report, the plaintiff nonetheless could not meet his required burden of proof as to medical causation because the substance of the report does not connect the plaintiff's specific conditions to toxic exposure at the oil spill cleanup.

La. July 1, 2022), expert testimony to establish general causation is an indispensable legal requirement in a toxic tort case.

Like the other versions of Dr. Cook's expert report that have been categorically rejected in this district, the expert report produced in this case does not establish the harmful level of exposure or "dose" of the toxins to which the plaintiff was exposed in the oil cleanup response that would cause the specific conditions that are at issue in this lawsuit in the general population. Importantly, this "dose" information is not the same as the specific causation inquiry which looks at the "dose" of the toxin to which the plaintiff was actually exposed—information which as we now know is not available because such data was not gathered during the oil spill response. The failure of the Dr. Cook's general causation analysis, which again has been the subject of a legion of motions to exclude granted in this district, is not related to the lack of biomonitoring and dermal testing data, which forms the basis of the plaintiff's spoliation motion and goes to specific causation not general causation.[3] The Court is therefore persuaded that BP's motion to exclude should be GRANTED and that Torres-Lugo's spoliation motion should be DENIED. Consequently, BP's motion for summary judgment is GRANTED.

Accordingly;

**IT IS ORDERED** that the and **Motion to Exclude the Causation Testimony of Plaintiff's Expert, Dr. Jerald Cook (Rec. Doc. 149)** filed by the defendants, BP Exploration & Production, Inc. and BP America Production Co., is **GRANTED** as explained above.

**IT IS FURTHER ORDERED** that the **Motion for Admission of Plaintiff's**

---

[3] Another unfortunate problem with the Cook report produced in this case is the emphasis on asthma, which is not one of the remaining conditions at issue in this case.

**Expert Opinions Because of BP Defendants' Spoliation of Evidence of Plaintiff's Exposure (Rec. Doc. 151)** filed by the plaintiff, Carlos Torres-Lugo, is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 150)** filed by the defendants, BP Exploration & Production, Inc. and BP America Production Co., is **GRANTED** and this matter is dismissed with prejudice.

September 26, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE